# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gerald K. M.,**
**Petitioner Below, Petitioner**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 12-0021** (Kanawha County 11-MISC-321 )

**David Ballard, Warden of Mount Olive**
**Correctional Complex, Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner M.[1]'s appeal, filed *pro se*, arises from the Circuit Court of Kanawha County, wherein his fourth petition for writ of habeas corpus was denied by order entered on November 15, 2011. Respondent Ballard, by counsel Laura Young, filed a response in support of the circuit court's decision. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In 1995, the circuit court sentenced Petitioner M. to two consecutive terms of fifteen to thirty-five years following his conviction of two counts of first degree sexual assault. Petitioner M. subsequently appealed these convictions, which this Court refused. Thereafter, petitioner filed petitions for writs of habeas corpus in circuit court, the first three of which were denied and on appeal were refused. In November of 2011, the circuit court denied petitioner's fourth petition for writ of habeas corpus, stating that the instant petition was "based on grounds previously reviewed by the [circuit court] and does not set forth any new grounds for relief." Petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

---

[1] Because the victim in the underlying case was a minor at the time of petitioner's crimes, we follow our traditional practice in cases involving sensitive facts and use only petitioner's last initial. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, Petitioner M. argues that none of the six grounds he raised in the instant habeas corpus petition were adjudicated in his first habeas petition. He argues that, accordingly, res judicata does not apply and the circuit court should have considered each of his arguments in its order denying relief. He further argues that the March of 2003 hearing on his first habeas corpus petition cannot be considered an omibus hearing because he did not knowingly and intelligently waive the grounds not asserted in that hearing. In response, the State argues petitioner has raised the same issues that he did in his prior habeas corpus petitions and any other issues he raised in the instant petition that were not raised before have been waived. Petitioner's reply reiterates that none of the grounds he raised in the instant petition were previously litigated.

We find no abuse of discretion by the circuit court's denial of the fourth petition for habeas corpus. With regard to subsequent petitions for writs of habeas corpus, we have held as follows:

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Our review of the record reflects that petitioner raised issues in his fourth petition that were either raised previously or have been waived. Moreover, our review indicates that petitioner was not restricted on presenting any evidence or arguments at his initial omnibus evidentiary hearing. In light of Syllabus Point 4 of *Losh v. McKenzie*, petitioner does not raise any viable issue for our review. Having reviewed the circuit court's "Ordering [sic] Denying Amended Petition for Writ of Habeas Corpus" entered on November 15, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.[2]

For the foregoing reasons, we affirm the circuit court's decision denying habeas corpus relief.

---

[2] Consistent with our explanation in the first footnote of this memorandum decision, the parties' names in the circuit court order have been redacted to leave only their initials.

Affirmed.

**ISSUED:** January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2011 NOV 15 PM 4: 27

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**GERALD K. M**

      **Petitioner,**

                                **Case No. 11-MISC-321**
                                **Judge Paul Zakaib, Jr.**

v,

**DAVID BALLARD, WARDEN,**
**MOUNT OLIVE CORRECTIONAL CENTER,**

      **Respondent.**

## ORDERING DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

On a previous date, came Gerald M      , (Petitioner), *pro se,* and came the Respondent, by counsel, Jennifer D. Meadows, Senior Assistant Prosecuting Attorney in and for Kanawha County, West Virginia, and Counsel for the Respondent filed a response to the Petition for Writ of Habeas Corpus previously filed by Petitioner. Petitioner also filed a Reply to the State's Response.

After reviewing the arguments of Petitioner and counsel and a thorough review of the Petition for Writ of Habeas Corpus and accompanying memorandum, the Respondent's Response, exhibits, and other documentary evidence and applicable case law as well as the Petitioner's Reply, the Court **FINDS** the matters ripe for decision and makes the following Findings of Fact and Conclusions of Law:

1



## I. FINDINGS OF FACT

1. In 1995, Petitioner was convicted of two counts of first-degree sexual assault against a sixteen-year-old male victim. Petitioner was convicted by a jury of forcing the boy at knifepoint to engage in anal sex.

2. On November 6, 1995, Petitioner was sentenced to consecutive sentences of 15 to 35 years for each of the two counts. In September 1996, the Supreme Court of Appeals of West Virginia denied his petition for appeal. Petitioner filed a habeas corpus petition in 1998 styled *State of West Virginia ex rel. Gerald M          v. Larry Parsons*, Civil Action Number 98-MISC-339. Counsel was appointed for Petitioner, and an Amended Petition for Writ of Habeas Corpus was filed. In this petition, Petitioner, through counsel, alleged the following grounds for relief:

    (A)    ineffective assistance of counsel by the following:

        i.    failure to investigate possible exculpatory material;

        ii.    trial counsel's failure to fully advice petitioner of the effects of his testimony and to provide him with a copy of his pre-sentence investigation;

        iii.    trial counsel's failure to move for a mistrial;

        iv.    trial counsel's failure to call Dr. David Clayman as a witness;

        v.    trial counsel's failure to object to Dr. Prebail's testimony;

        vi.    trial counsel's failure to object to improper comments made during closing arguments;

    (B)    Fair Trial Violations consisting of:

        i.    Failure to provide proper discovery;

2

  ii. Failure to release exculpatory material;

  iii. Petit jury was unconstitutionally selected and impaneled;

  iv. Improper comments in State's closing;

  v. Failure to strike two jurors for cause.

3. Furthermore, habeas counsel filed a supplemental amended petition on the grounds of failing to strike two jurors for cause.

4. Petitioner was granted a hearing on these issues. By order dated November 23, 2003, Judge Herman Canady denied the Petitioner's Petition for Relief. Petitioner's counsel appealed the denial, and the Supreme Court refused to review the lower court's ruling. (*See Ruling on Petition of Habeas Corpus* attached to Respondent's Response as Exhibit A).

5. Petitioner filed the instant Petition for Writ of Habeas Corpus seeking habeas relief on the following grounds:

(a) The Petitioner's counsel was ineffective by: failing to properly "prep" a character witness; failing to move for a mistrial after the character witness was questioned about another child sexual assault charge; failing to call witnesses to rebut testimony regarding the other child sexual assault charge; and failing to request a limiting instruction regarding the testimony;

(b) Inadmissible evidence of other bad acts;

(c) Denial of Confrontation Rights;

(d) Unqualified Expert Testimony;

(e) Jury Unconstitutionally Empaneled;

(f) Trial Judge Engaged in *Ex Parte* Communications with Jury.

3

## II.  CONCLUSIONS OF LAW

6. The Court finds that all of Petitioner's claims for relief have all been fully and fairly litigated in his prior habeas corpus proceeding.

7. Petitioner's claim of ineffectiveness of trial counsel was fully litigated in his prior petition for habeas corpus relief, the same petition that was denied by Judge Canady.

8. The Court finds that the doctrine of res judicata applies to this case. Res judicata generally applies where there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or the issues that could have been decided in the earlier action." *State v. Miller*, 194 W.Va. 3, 9 (1995). Furthermore, a claim is barred by *res judicata* when the prior action involves identical claims and the same parties or their privies. *Id.*

9. The Court further finds that Syllabus Two of *Losh v. McKenzie*, 166 W.Va. 762 (1981) supports a finding of summary judgment in Respondent's favor. Specifically, the West Virginia Supreme Court held:

> A judgment denying relief in post-conviction habeas corpus is
> res judicata on questions of fact or law which have been fully and
> finally litigated and decided. . . .and this occurs where there has been
> an omnibus habeas corpus hearing at which the applicant for habeas
> corpus was represented by counsel. . . .

*Id.* at Syl. Pt. 2.

10. Once there has been an omnibus hearing and judgment denying relief, a petitioner may only petition the court for relief on the following grounds: ineffective assistance of counsel, newly discovered evidence, or a change in the law which may be applied retroactively. *Id.* at Syl. Pt.4.

4

11. West Virginia's post-conviction habeas corpus statute contemplates that a person convicted of a crime, "is ordinarily entitled, as a matter of right, to only one post-conviction habeas proceeding during which he must raise all grounds for relief known to him or which he could, with reasonable diligence, discover." Syl. Pt. 1, *Hall v. Liller*, 207 W.Va. 696 (2000) (per curiam). "While a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and habeas corpus upon habeas corpus." *Call v. McKenzie*, 159 W.Va. 191, 193 (1975).

12. The Court finds that the Petitioner is not entitled to relief because the issue he raises is barred by the doctrine of res judicata. The parties are the same or their privies. In the prior petition, the parties were the Petitioner and Larry Parsons, Warden [sic] of South Central Regional Jail. In the petition currently before this Court, M        is again the Petitioner and the Respondent again is the Warden of Mount Olive Correctional Facility, David Ballard. Therefore, the Court finds that the requirement of sameness of the parties is satisfied.

13. In the first habeas corpus proceeding, the Petitioner was granted an omnibus hearing and had a full and fair opportunity to litigate any and all of his post-conviction issues. In fact, the Court finds that there were numerous hearings, briefs and pleadings filed by Petitioner's prior habeas counsel—both in Kanawha County Circuit Court and the Supreme Court of Appeals of West Virginia. The Petitioner was represented by counsel at every stage of the proceeding who filed memoranda on his behalf in support of his prior petition. Therefore, the Court finds res judicata prevents the re-litigation of this issue and the Petitioner's argument is without merit.

14. The Court finds that Petitioner has set forth no facts which establish he is entitled to the relief sought in his Petition for Writ of Habeas Corpus and therefore, the Petition must be **DENIED**.

5

## III. RESOLUTION

Based upon the foregoing, the Court **DENIES** Habeas Petition 11-MISC-321 and

**ORDERS** the matter stricken from the docket. The Court notes the Petitioner's objection and

exception to its ruling. The Court further **ORDERS** certified copies of this Order be provided to

counsel of record and Petitioner.

ENTER THIS _15th_ day of _Nov._ , 2011

The Honorable Paul Zakaib, Jr., Judge
Thirteenth Judicial Circuit

**RECORDED**